IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

CHRISTY JOHNSON                                                      PLAINTIFF

V.                                                      NO: 1:22CV039-GHD-RP

LEE COUNTY, MISSISSIPPI A/K/A LEE                 DEFENDANT
COUNTY BOARD OF SUPERVISORS

## MEMORANDUM OPINION

Before the Court is Defendant Lee County, Mississippi's, Motion to Dismiss [7]. Plaintiff Johnson has responded in opposition to this motion. Upon due consideration, for the reasons set forth herein, the Court hereby grants in part and denies in part the Defendant's motion.

### Factual Background

Johnson was employed by Lee County, Mississippi, as a Scale House Worker beginning in December 2019. May 27, 2021, was the last day that Johnson worked, as on June 2, 2021, Johnson's doctor recommended that she take medical leave from work due to uncontrolled symptomatic hypertension. The doctor completed Johnson's Family and Medical Leave Act ("FMLA") documentation on June 10, 2021. Johnson claims that once the FMLA documentation was submitted, Lee County never provided Johnson with any further information regarding her requested FMLA leave. In July 2021, Johnson completed a request for employment verification with Mississippi Department of Human Services which indicated that Johnson's FMLA leave began on June 14, 2021. Johnson figured that her FMLA leave would be exhausted on September 14, 2021, but claims that Lee County never provided that information to her.

On September 9, 2021, Johnson spoke with her supervisor from Lee County and told him that she remained under a doctor's care at the time, but that she intended to return to work when she was released from her doctor's care. Johnson claims that during this phone call with her

1

supervisor she intended to discuss possible options regarding her FMLA leave including extending her medical leave, but before she could do so, her supervisor told her that she was terminated and encouraged Johnson to file for unemployment. Her supervisor denies that Johnson was terminated and instead claims that Johnson stated that she was unable to do the job, which the supervisor interpreted as a verbal resignation.

Johnson has brought two counts against Lee County: (1) Violations of the FMLA – Interference and (2) Violation of the FMLA – Retaliation. Lee County seeks to dismiss both counts in the present Motion to Dismiss for Failure to State a Claim. [7].

## Standard

When deciding a Rule 12(b)(6) motion to dismiss, the Court is limited to the allegations set forth in the complaint and any documents attached to the complaint. *Walker v. Webco Indus., Inc.*, 562 F. App'x 215, 216–17 (5th Cir. 2014) (citing *Kennedy v. Chase Manhattan Bank USA, NA*, 369 F.3d 833, 839 (5th Cir. 2004)). The Court accepts all well-pleaded facts in the complaint as true and views those facts in the light most favorable to the Plaintiff. *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011). "[A plaintiff's] complaint therefore 'must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Phillips v. City of Dallas, Tex.*, 781 F.3d 772, 775–76 (5th Cir. 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)).

A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *Webb v. Morella*, 522 F. App'x 238, 241 (5th Cir.

2013) (quoting *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152–53 (5th Cir. 2010) (internal quotation marks omitted)). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Id.* (quoting *Fernandez–Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993) (internal quotation marks omitted)). "Dismissal is appropriate when the plaintiff has not alleged 'enough facts to state a claim to relief that is plausible on its face' and has failed to 'raise a right to relief above the speculative level.'" *Emesowum v. Houston Police Dep't*, 561 F. App'x 372, 372 (5th Cir. 2014) (quoting *Twombly*, 550 U.S. at 555, 570, 127 S. Ct. 1955). Since *Iqbal,* however, the Fifth Circuit has clarified that the Supreme Court's "emphasis on the plausibility of a complaint's allegations does not give district courts license to look behind those allegations and independently assess the likelihood that the plaintiff will be able to prove them at trial." *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 803 n. 44 (5th Cir. 2011).

**Analysis**

First, the Court considers Johnson's FMLA interference claims. "It [is] unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right" provided under the FMLA. 29 U.S.C. § 2615(a)(1). Further, Johnson must show that the FMLA violation prejudiced her. *Cuellar v. Keppel Amfels*, LLC, 731 F.3d 342, 347 (5th Cir. 2013). To establish a claim for FMLA interference, Johnson must show that "(1) she was an eligible employee; (2) her employer was subject to FMLA requirements; (3) she was entitled to leave; (4) she gave proper notice of her intention to take FMLA leave; and (5) her employer interfered with, restrained, or denied her the benefits to which he was entitled under the FMLA." *Hester v. Bell-Textron, Inc.*, 11 F.4th 301, 306 (5th Cir. 2021).

3

Johnson appears to assert two instances of FMLA interference, the first being Lee County's failure to provide notice regarding Johnson's eligibility to take FMLA leave and the expectations and obligations surrounding the FMLA leave. The first four elements of the FMLA interference claim are stated and alleged by Johnson, with Lee County only seemingly disputing whether Johnson has pled the fifth element.

"[W]hen an employee requests FMLA leave, or when the employer acquires knowledge that an employee's leave may be for an FMLA qualifying reason, the employer must notify the employee of the employee's eligibility to take FMLA leave within five business days, absent extenuating circumstances." 29 C.F.R § 825.300(b)(1). Further, employers are also "required to provide written notice detailing any specific expectations and obligations of the employee and explaining any consequences of the failure to meet these obligations." 29 C.F.R. § 825.300(c)(1). Johnson alleges that Lee County has failed to provide notice of when her FMLA leave began, ended, and other expectations and obligations involving her FMLA leave. Johnson stated in her Complaint that while she did not receive the notice from Lee County, she did receive notice in July of 2021 that her FMLA leave began on June 14, 2021. Johnson, as she stated in the Complaint, used this information to conclude that her FMLA leave would end on September 14, 2021.

"To establish a claim for FMLA interference, an employee must show that the defendant 'interfered with, restrained, or denied her exercise or attempt to exercise FMLA rights, and that the violation prejudiced her.'" *D'Onofrio v. Vacation Publ'ns, Inc.*, 888 F.3d 197 (5th Cir. 2018) (quoting *Bryant v. Tex. Dep't of Aging & Disability Servs.*, 781 F.3d 764 (5th Cir. 2015)). Lee County argues that Johnson has not alleged sufficient facts to show how Lee County's alleged interference has prejudiced Johnson. Johnson states, in the response to Lee County's motion to dismiss, that if proper notice had been given regarding the FMLA end date following the notice

4

provisions of the FMLA, Johnson would have had the option to resign, return to work against her doctor's orders, or have her doctor approve an earlier return date. While Johnson has sufficiently alleged that Lee County did not provide Johnson with sufficient notice of the relevant FMLA information, Johnson acknowledges that she was aware of both the FMLA start and end date. This is further exemplified by the fact that Johnson spoke with Lee County five days before her FMLA end date with intentions of possibly requesting an FMLA leave extension. Johnson has failed to allege any resulting prejudice from Lee County failing to provide notice of the FMLA leave start and end dates, as Johnson was able to obtain that information from other sources well before the September 14, 2021, end date. Johnson knew of the FMLA leave end date and had the opportunity to resign, return to work, or discuss an earlier return date with her doctor before said end date, and thus, Lee County's motion is granted in respect to Johnson's claim of interference for lack of notice.

The Court next addresses Johnson's second FMLA interference claim, in which Johnson alleges Lee County interfered with her rights under the FMLA by terminating her employment. This interference claim is not clearly labeled in the complaint, however, out of an abundance of caution, the Court will address this second FMLA interference claim. Like Johnson's first FMLA interference claim, the first four elements of an FMLA interference claim have been alleged and the only elements in dispute are whether Johnson alleged that Lee County denied her the benefits to which she was entitled under the FMLA and that she was prejudiced.

Johnson has alleged that during a phone call with Lee County, she was terminated after mentioning that she remained under her doctor's care at the time but that she had intentions of returning to work eventually. It is worth noting that Johnson had five days remaining of her FMLA leave at the time of this phone call. Johnson alleges that before she had the opportunity to ask

5

about options surrounding her FMLA leave, such as requesting an extension, she was terminated and encouraged to file for unemployment. Lee County argues that even if Johnson is able to allege that Lee County interfered with her rights under the FMLA, Johnson is unable to allege any prejudice. According to Lee County, Johnson is unable to allege any prejudice because Johnson could not, and did not, intend to return to work before the expiration of her FMLA leave.

While Johnson's complaint is not specific as to a date of her possible return to work, Johnson does state that during her September 9, 2021, phone call, she informed Lee County that she did intend to return to work and that she was hoping to discuss her available options surrounding her FMLA leave. Johnson does not specify exactly when she planned on returning to work, however, when viewing the facts in the complaint in a light most favorable to Johnson, the Court cannot agree with Lee County in concluding that Johnson could not and did not intend to return to work before the expiration of her FMLA leave. Johnson's allegations show that she was terminated before being given the opportunity to discuss options about possibly returning to work or returning to work, all while five days remained with her FMLA leave. Certainly, Johnson has allegations showing an interference with her rights under the FMLA and prejudice in the form of being terminated from her employment with Lee County. Lee County's motion to dismiss is denied in respect to Johnson's claim of interference related to termination.

Lastly, the Court considers Johnson's FMLA retaliation claim. "To make a prima facie case of retaliatory discharge, the employee must show that '(1) he engaged in a protected activity, (2) the employer discharged him, and (3) there is a causal link between the protected activity and the discharge.'" *Id.* (quoting *Tatum v. S. Co. Servs.*, 930 F.3d 709, 713 (5th Cir. 2019)). "When evaluating whether the adverse employment action was causally related to the FMLA protection, the court shall consider the 'temporal proximity' between the FMLA leave, and the termination."

*Mauder v. Metro. Transit Auth. of Harris County, Tex.*, 446 F.3d 574, 583 (5th Cir. 2006) (citation omitted). Although a "plaintiff does not have to show that the protected activity is the only cause of [his or] her termination," a plaintiff is "required to show that the protected activity and the adverse employment action are not completed unrelated." *Id.*

Johnson has alleged that she requested and used FMLA leave, both protected activities, which satisfies Johnson's pleading of the first element. Johnson also alleges that Lee County discharged her employment, which unlike the first element, is disputed by Lee County. While the Court notes that Lee County appears to argue their belief that Johnson was resigning on September 9, 2021, Johnson asserts that she did not resign from her position but that Lee County terminated her instead. When considering the third element of a FMLA retaliation claim, "the [C]ourt shall consider the 'temporal proximity' between the FMLA leave, and the termination. *Besser v. Texas General Land Office*, 834 Fed.Appx. 876, 884 (5th Cir. 2020) (quoting *Mauder v. Metro. Transit Auth.*, 446 F.3d 574, 583 (5th Cir. 2006). Given that Johnson has alleged that she was terminated during the exercise of her FMLA rights, the Court finds that Johnson has sufficiently pled that a causal link exists between her FMLA leave and the alleged termination due to the temporal proximity. *Leal v. BFG, Ltd. Partnership*, 423 Fed.Appx. 476, 479-80 (5th Cir. 2011). Johnson has stated a claim for FMLA retaliation, and thus, Lee County's motion to dismiss is denied in respect to Johnsons claim of FMLA retaliation.

Lee County also makes the argument that the previous findings of an Administrative Law Judge ("ALJ") for the Mississippi Department of Employment Security ("MDES") illustrate that Johnson suffered no prejudice, harm, or damages, thus mandating dismissal of Johnson's claims. After Johnson was allegedly terminated, she filed for unemployment with MDES and was denied. Johnson appealed that decision and the ALJ made findings of fact which Lee County argues should

have a preclusive effect on the findings of fact for this case. The ALJ found that "[t]he claimant provided the employer with subsequent documents dated September 20, 2021, and October 11, 2021, from her doctor extending the necessity of her continued absence from work. As of the date of this hearing, the claimant remains on approved leave." [1-1]. Lee County cites *Stafford*, which states that "[t]he federal courts must give an agency's fact-finding the same preclusive effect they would a decision of a state court, when the state agency is acting in a judiciary capacity and gives the parties a fair opportunity to litigate." *Stafford v. True Temper Sports*, 123 F.3d 291, 294 (5th Cir. 1997) (citing *University of Tenn. v. Elliott*, 478 U.S. 788, 799 (1986)). *Stafford* further states that "the decisions of MESC have preclusive weight in Mississippi courts, are appealable through the Mississippi court system, and even have the potential for review by the United States Supreme Court." *Stafford*, 123 F.3d at 295 (citing Miss. Code Ann. § 71-5-531 (1996 Supp.)). In summary, Lee County argues that the ALJ's findings of fact preclude a finding of different facts as alleged by Johnson, such as Johnson's possible intent to return to work before the expiration her FMLA leave.

"[I]n the absence of passing technical muster of the previous action involving identical parties, identical legal issues, and the same facts required to reach a judgment, [collateral estoppel] cannot be applied. And, even where it arguably meets a technical muster, 'the rule is neither mandatory nor mechanically applied.'" *Easterling v. AT&T Mobility, LLC*, 824 F.Supp.2d 729, 732 (S.D. Miss. April 8, 2011) (quoting *Marcum v. Mississippi Valley Gas Co., Inc.*, 672 So.2d 730, 733 (Miss.1996)).

The Court cannot conclude that the identical issue was fully litigated in the prior ALJ decision, thus collateral estoppel is not appropriate. The Court is also not fully aware of what evidence was presented to the MDES ALJ and in what format. Further, the Court cannot ascertain

with certainty that each party had the opportunity in an unemployment compensation proceeding to fully litigate the issues of Johnson's alleged plans to return to her position with Lee County and Lee County's alleged termination of Johnson after failing to discuss Johnson's options as desired as she approached the end of her FMLA leave. The main issue at hand in the MDES ALJ decision was whether Johnson voluntarily left or was terminated, not the current issue of whether Johnson attempted, would have attempted, or could have attempted to return to work once her FMLA leave expired. Lee County's argument is not well taken, and thus, Johnson's claim of FMLA interference related to termination and FMLA retaliation survive Lee County's motion to dismiss.

## Conclusion

For the reasons stated above, the Court finds that the Defendant's Motion to Dismiss [7] shall be GRANTED IN PART and DENIED IN PART. Defendant's Motion to Dismiss is granted as to Plaintiff's claim of FMLA interference for lack of notice, and Defendant's Motion to Dismiss is denied as to Plaintiff's claims of FMLA interference relating to termination and FMLA retaliation.

An order in accordance with this opinion shall issue this day.

This, the 30 day of Aug, 2022.

_____
SENIOR U.S. DISTRICT JUDGE